IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-00401-WYD-BNB

STEPHEN NOWAK,

    Plaintiff,

v.

VOLT MANAGEMENT CORP., d/b/a VOLT SERVICES GROUP,

    Defendant.

---

**ORDER**

---

    THIS MATTER is before the Court on Defendant's Motion to Compel Arbitration and Stay Judicial Proceedings [doc. #6], filed March 4, 2009.  In its Motion, Defendant Volt Management Corp. asks this Court to compel arbitration of Plaintiff's claims, stay judicial proceedings, and award reasonable attorneys' fees and costs.  Plaintiff Stephen Nowak responded on March 24, 2009, and Defendant replied on April 7, 2009.  For the reasons stated herein, I will grant the Motion in part and deny it in part without prejudice.

**A. Background**

    The parties do not appear to dispute the facts relevant to the present Motion.  On September 23, 2008, Plaintiff signed Defendant's Employment Agreement, attached to the Motion as Appendix A to Exhibit 1, which provided that Defendant would place Plaintiff on its list for temporary assignments with its customers and that either party could terminate any assignment at will.  The agreement contained the following arbitration provision:

> Any disputes arising out of or relating to the actions of Volt or any assignment or termination of any assignment, including disputes arising out of or related to the actions of Volt's Customers (or Customer's employees), shall be settled by final and binding arbitration, pursuant to the Federal Arbitration Act, in accordance with the rules of the American Arbitration Association in the state where you were employed.  The Arbitrator may award attorneys fees and/or costs to the prevailing party.  Judgment upon the arbitration award may be entered in any court having jurisdiction.  Volt and you hereby waive our respective rights to trial by jury of any cause of action or defense that we may have against each other or against any customer of Volt. This Agreement to Arbitrate Disputes does not prevent you from filing a charge or claim with any governmental administrative agency as permitted by applicable law.

(Mot. Ex. 1 at App. A.)

Plaintiff also signed an "Acknowledgment," attached to the Motion as Appendix B to Exhibit 1, in which he acknowledged receipt of Defendant's Employee Handbook, agreed to followed the policies described therein, and agreed to arbitrate any and all disputes related to his employment and/or assignments, as discussed in the handbook. (Mot. Ex. 1 at App. B.)  In an affidavit, which is attached to his response to the present Motion, Plaintiff states that he signed these documents "upon the promise and expectation of and preparation for actual employment by Defendant."  (Resp. Ex. A at 1.)  Defendant was later "informed by its customer that due to financial and economic circumstances it would not be going forward with the planned Colorado Springs, Colorado call-center and, thus, would not be utilizing any of the temporary employees that had been submitted and accepted for such positions."  (Mot. Ex. 1 at 4.)  Accordingly, Defendant informed all such candidates, including Plaintiff, of this decision, and Defendant never employed Plaintiff.  (*See* Resp. Ex. A at 1.)

On February 5, 2009, Plaintiff filed a state court complaint, which was removed to this Court on February 25, 2009 pursuant to diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446.  Plaintiff seeks damages for various alleged violations of Colorado tort law.  Counsel for Defendant has submitted a declaration, attached to the Motion as Exhibit 2, in which she describes her correspondence with Plaintiff's counsel, who has refused to arbitrate the matter to date.  (Mot. Ex. 2 at 1-2.)

**B. Analysis**

The Federal Arbitration Act requires courts to stay actions involving matters referable to arbitration:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . .

9 U.S.C. § 3.  The Act further requires courts to compel arbitration in those cases.  9 U.S.C. § 4 ("[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.").  In response to Defendant's requests that I stay the present action, compel arbitration, and award Defendant costs and attorneys' fees, Plaintiff only argues that the arbitration provision in question is not enforceable.

My determination of the validity of the arbitration provision is separate from the determination of the validity of the contract as a whole.  The Supreme Court has held:

> First, as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract. Second, unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance.

*Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006). The Supreme Court has further held, "When deciding whether the parties agreed to arbitrate a certain matter . . . , courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Accordingly, I proceed to determine the validity of the arbitration provision in question according to principles of state contract law.

**1. Consideration**

"It is, of course, a bedrock principle of law that a valid contract requires consideration." *Crawford v. United Servs. Auto. Ass'n Ins.*, No. 06-cv-00380-EWN-BNB, 2006 U.S. Dist. LEXIS 46433, at *25 (D. Colo. Jul. 10, 2006) (citing *Ireland v. Jacobs*, 163 P.2d 203, 206 (Colo. 1945)). Plaintiff argues that the contract as a whole is not valid because Defendant agreed to provide consideration in the form of actual employment and failed to do so. However, the validity of the contract as a whole does not factor into my analysis. Again, arbitration provisions are severable, and the Supreme Court has held that "regardless of whether the challenge is brought in federal or state court, a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." *Buckeye*, 546 U.S. at 449. Furthermore, as long as the arbitration clause is valid, any claim based on Defendant's

failure to perform, which Plaintiff seems to be making, is the proper subject of arbitration.

Plaintiff also argues that the arbitration provision standing alone is invalid because a mere exchange of promises to arbitrate does not constitute valid consideration for an arbitration agreement.  However, Plaintiff misstates Colorado case law holding that consideration other than the promise to arbitrate is required where the arbitration agreement is not mutual.  *See Rains v. Found. Health Sys. Life & Health*, 23 P.3d 1249, 1255 (Colo. App. 2001).  Here, the agreement to arbitrate is mutual.  "One party's agreement to arbitrate is adequate consideration for the other party's agreement to arbitrate."  *Crawford*, 2006 U.S. Dist. LEXIS 46433, at *25.  Accordingly, the arbitration provision is not void for lack of consideration.

**2. Prohibitive Expenses**

Plaintiff further argues that the arbitration provision is unenforceable under the Federal Arbitration Act because arbitration would be prohibitively expensive to him.  He relies exclusively on *Shankle v. B-G Maint. Mgmt. of Colo.*, 163 F.3d 1230 (10th Cir. 1999), which is inapposite.  In *Shankle*, the Tenth Circuit held invalid an agreement that required the plaintiff to arbitrate all claims between him and his employer and to pay one-half of the arbitrator's fees.  *Id.* at 1234-35.  The court reasoned that the agreement "thus placed [the plaintiff] between the proverbial rock and a hard place - it prohibited use of the judicial forum, where a litigant is not required to pay for a judge's services, and the prohibitive cost substantially limited use of the arbitral forum."  *Id.* at 1235. Plaintiff argues that the arbitration provision presently at issue is similarly unenforceable

because it provides, "The arbitrator may award attorney fees and/or costs to the prevailing party." I fail to see any connection between *Shankle* and the present case, because the provision does not require Plaintiff to pay anything. It rather provides that the arbitrator may award attorneys' fees and costs against Plaintiff, which a court could also do. Accordingly, the agreement does not prevent Plaintiff from vindicating his rights. *Id.* I find that the agreement is enforceable under the Federal Arbitration Act.

Thus, the Federal Arbitration Act requires me to stay the present action and compel arbitration. However, rather than staying this case and leaving it open for months pending arbitration, I find that this case should be administratively closed pursuant to D.C.COLO.LCivR 41.2. *See Quinn v. CGR*, 828 F.2d 1463, 1465 & n.2 (10th Cir. 1987) (construing administrative closure as the practical equivalent of a stay). The case may be reopened for good cause shown, which shall include any further court proceedings the parties deem necessary after arbitration.

### 3. Costs and Attorneys' Fees

I deny without prejudice the request for attorneys' fees and costs, as any such request is premature at this time. Defendant is directed to follow D.C.COLO.LCivR 54.1 and 54.3 at the appropriate time.

## C. Conclusion

Based on the foregoing, it is hereby

ORDERED that Defendant's Motion to Compel Arbitration and Stay Judicial Proceedings [doc. #6], filed March 4, 2009, is **GRANTED in part and DENIED in part WITHOUT PREJUDICE**. It is granted to the extent it asks me to stay the present action

and compel arbitration, and the request for attorneys' fees and costs is denied as premature. In accordance therewith, it is

ORDERED that this case is **ADMINISTRATIVELY CLOSED** pursuant to D.C.COLO.LCivR 41.2, to be reopened for good cause shown. It is

FURTHER ORDERED that the parties shall proceed to arbitration in accordance with the terms of their agreement.

Dated: May 15, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge